IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ORANGE BEACH DEVELOPMENT GROUP, L. P; THE SPORTSMEN'S MARINA, L.P.; ORANGE BEACH DEVELOPMENT, INC; WEST 56TH STREET L.L.C.; DANIEL W. HALL; DANIEL E. BRUNETTE; THOMAS A. MCCALLEY; DD&T, L.L.C. and CANAL ROAD HOLDINGS, L.L.C | ) ) ) ) ) ) | |
| Plaintiffs, | ) | |
| vs. | ) | CIVIL ACTION NO. 07-0121-KD-B |
| D. LEON POWERS | ) | |
| Defendant. | ) | |

**ORDER**

This matter is before the Court on the following: plaintiffs' "Motion to Dismiss Counterclaims 1-4" (Doc. 8) filed April 18, 2007; defendant's response in opposition (Doc. 10) filed May 3, 2007, and plaintiffs' reply brief (Doc. 15) filed May 15, 2007.

I.      Procedural History

Plaintiffs filed the instant action against defendant, D. Leon Powers, on February 16, 2007. (Doc. 1) Defendant filed an answer to the complaint on March 19, 2007 along with a five count counterclaim. (Doc. 4)  Counts I and II of the counterclaim allege derivative claims on behalf of OBDG and  Sportsmen's for lost profits.  Count III alleges a breach of fiduciary duty

1

by the partners. Count IV alleges that the plaintiffs' actions are tantamount to the tort of squeeze out, and Count V seeks an order dissolving the partnership. (Doc. 4)  Powers alleges, in sum, that "[t]he fiduciaries have conspired together and aided and abetted each other in a pattern of wrongful conduct designed to divert partnership profit and assets to themselves and their affiliates and to diminish the value of Powers' ownership interest in the entities and ultimately force him to sell his interest at less than fair value." (Doc. 4 at ¶ 5) Powers alleges that the fiduciaries formed DD&T, L.L.C., and Canal Road Holdings, L.L.C., for the purpose of siphoning profits from Sportsmen's. (Id. at ¶¶ 6, 7)

Plaintiffs filed the instant motion to dismiss Counts 1-4 of the counterclaim, pursuant to Fed. R. Civ. P. 12(b)(6), on the grounds, in sum, that Powers, as a limited partner, cannot, under Alabama law, file a derivative claim against the remaining limited partners; that there is no fiduciary duty among limited partnerships, and that a limited partner has no "squeeze out claim." (Docs. 8, 15)

II.     Factual Background

Orange Beach Development Group, L.P. ("OBDG") and The Sportsmen's Marina, L.P. ("Sportsmen's") are Alabama limited partnerships with their principal place of business in Orange Beach, Alabama. (Complaint, ¶ 1; Counterclaim, ¶ 1).

The general partner of both limited partnerships (OBDG and Sportsmen's) is Orange Beach Development, Inc.(OBD, Inc.) and the limited partners are West 56th Street LLC, Thomas A. McCalley, and defendant, D. Leon Powers.(Complaint, ¶ 3-10).

OBDG was created to develop a condominium project in Orange Beach and Sportsmen's operates a marina, including indoor and outdoor boat storage. Sportsmen's also leases certain of

its facilities for operation of a boat service facility and restaurant. (Complaint, ¶¶ 12,13)

The officers and/or directors of OBDG include: Daniel W. Hall, Daniel E. Brunette, and Thomas A. McCalley. (Complaint, ¶ 5-7). Hall is both an officer and director of OBD, Inc. and Brunette is a director of OBD, Inc. (Complaint, ¶ 5-6). Thomas A. McCalley is a limited partner in both OBDG and Sportsmen's, as well as an officer and director of OBD, Inc. (Complaint, ¶ 7).

West 56th Street LLC is an Indiana LLC and a limited partner in OBDG and Sportsmen's. (Complaint, ¶ 4). Its members are Daniel W. Hall and Daniel E. Brunette. (Complaint, ¶ 5-6).

DD&T, LLC is an Alabama limited liability company whose members are Daniel W. Hall, Daniel E. Brunette, and Thomas A. McCalley. (Complaint, ¶ 8).

Canal Road Holdings, LLC ("Canal") is an Alabama limited liability company doing business as Sportsmen's Boat Service. Its members are Daniel W. Hall, Daniel E. Brunette, Thomas A. McCalley, and Brian Wells. (Complaint, ¶ 9). Canal leases a portion of the Sportsmen's facility for the business of boat service. (Id. at ¶ 15)

D. Leon Powers is a limited partner in both OBDG and Sportsmen's, as well as a shareholder of OBD, Inc. (Complaint, ¶ 10). Mr. Powers owns a 9.487% interest in both OBDG and Sportsmen's. (Exhibit B to Complaint, p. 1).

On January 30, 2007, defendant Powers, through his attorney, wrote plaintiffs, Hall, Brunette and McCalley alleging that the plaintiffs, in their capacities as officers and/or directors of Orange Beach Development, Inc., general partner for Orange Beach Development Group, L. P., and the Sportsmen's Marina, L.P., engaged in various tortious conduct and self dealing relating to the partnerships. (Complaint, Exhibit "A")

Plaintiffs responded to Power's attorney by letter in which they outlined their defense to Powers' allegations. (Complaint, Exhibit B). Plaintiffs then initiated the instant litigation seeking declaratory judgment that there was no tortious conduct, self dealing, waste of corporate property and no misappropriation of corporate or partnership opportunities and assets. Plaintiffs further seek a determination from the court that the limited partners and their general partner have no liability to the limited partnerships as a result of the actions outlined by defendant Powers in the letter of January 30, 2007. (Complaint at ¶ 21)

II.     Standard of Review

Plaintiffs now move to dismiss defendants' counterclaims (Count 1-4) pursuant to Fed. R. Civ. P 12(b)(6). A 12(b)(6) motion tests the legal sufficiency of a plaintiff's claim and the court construes all allegations as set forth in plaintiff's complaint as true and resolves all inferences in favor of the plaintiff. United States v. Gaubert, 499 U.S. 315, 327 (1991); Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990). The Eleventh Circuit has held that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." In re Johannessen, 76 F.3d 347, 349 (11th Cir. 1996)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Furthermore, "the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." Conley, 355 U.S. at 47. However, "[a]s a general rule, conclusory allegations and unwarranted deductions of fact are not admitted as true in a motion to dismiss." South Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n. 10 (11th Cir.1996); Oxford v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002) ("On a motion to dismiss, the plaintiff's factual allegations are accepted as true, however, legal conclusions masquerading as

facts will not prevent dismissal.")  However, the threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim.  Ancata v. Prison Health Services, Inc., 769 F.2d 700, 703 (11th Cir.1985).

Defendant first argues that the motion to dismiss should be converted to a motion for summary judgment on the grounds that plaintiffs have attached a set of "self-serving documents" in support of the motion.  (Doc. 10 at 4) In response, plaintiffs maintain that the attachments to the complaint "are undisputed written agreements executed by the parties, or other documents exchanged among the parties, central to the subject-matter of the Complaint and Counterclaim." (Doc. 15 at 3)

Submission of evidence outside of the pleadings generally requires conversion of a Rule 12(b)(6) motion into a motion for summary judgment.  Property Management & Investments, Inc. v. Lewis, 752 F.2d 599, 604 (11th Cir.1985) ("once the court decides to accept matters outside the pleading, it must convert the motion to dismiss into one for summary judgment"). However, where the documents referred to in the motion are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal. Wilchombe v. Teevee Toons, Inc., 2006 WL 1553939, *1 (N. D. Ga. 2006) citing Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir.1997) ("[T]he Court may consider documents which are central to the plaintiff's claims and which plaintiff refers to in the complaint as part of the pleadings for a Rule 12(b)(6) motion to dismiss.")

Plaintiffs have submitted numerous documents in support of the motion to dismiss which

they maintain are central to the claims and thus, properly before the Court.[1]  While the by-laws, articles of incorporation and various agreements regarding the operation of the entities at issue appear to be central to the plaintiffs' claims and defendant's counterclaim, plaintiffs have also submitted documents which the court finds are not central to the claims, including for example, correspondence dated January 30, 2007 and February 16, 2007, between the parties attorneys opining on issues of law and stating their version of the facts.  These letters constitute no more than each parties' position on the merits of the instant litigation.  These are certainly not the type

---

[1] In support of the motion to dismiss plaintiffs have attached the following: (1) letter from Powers to plaintiffs dated January 30, 2007 (Exhibit A); plaintiffs' response dated February 16, 2007 (Exhibit B); Affidavit of Thomas McCalley (Exhibit C); Ownership Chart (Exhibit D); Agreement of Limited Partnership for Orange Beach Development Group, L. P. (Exhibit 1); Agreement of Limited Partnership for The Sportsmen's Marina, L.P. (Exhibit 2); Articles of Incorporation Orange Beach Development (Exhibit 3); By Laws of Orange Beach Development, Inc., (Exhibit 4); First Amendment to Agreement of Limited Partnership for Orange Beach Development Group, L. P. (Exhibit 5); First Amendment to Agreement of Limited Partnership for The Sportsman's Marina, L.P. (Exhibit 6); Letter Agreement dated June 27, 2001 between West 56th Street L.L.C. and D. Leon Powers (Exhibit 7); Proxy executed by D. Leon Powers to West 56th Street L.L.C., dated June 28, 2001 (Exhibit 8); Agreement dated June 20, 2001 between Frank Markey, Thomas A. McCalley, D. Leon Powers, Him Stout and West 56th Street L.L.C. (Exhibit 9); two Agreements dated June 20, 2001 between Frank Markey, Thomas A. McCalley, D. Leon Powers, Him Stout and West 56th Street L.L.C. (Exhibits 9, 10) ; letter dated July 21, 2003 from Stephen Backer, Esq., to Andrew Harrell (Exhibit 11); Commercial Purchase Agreement dated November 2, 2002 (Exhibit 12); Letter dated February 17, 2003 from Dan Hall to Leon Powers (Exhibit 13); Letter from Leon Powers to Dan Hall dated February 27, 2003 (Exhibit 14); Letter to Hall to Powers dated February 28, 2003 (Exhibit 15); Letter from Powers to Hall dated March 3, 2003 (Exhibit 16); Unsigned undated document entitled Assignment of Rights Under Real Estate Purchase Agreement (Exhibit 17); Warranty Deed with Vendor's Lien dated April 20, 2003 (Exhibit 18); HUD Settlement Statement (Exhibit 19); Joint Use Agreement between Sportsmen's Marina L. P, and DD& T, L.L.C. dated May 1, 2004 (Exhibit 20); Articles of Organization of Canal Road Holdings, L.L.C. (Exhibit 21); Warranty Deed between Orange Beach Development Group L. P. and Sportsmen's Marina, L. P. dated August 1, 2006.  (Exhibit 22); Purchase and Sale Agreement between Sportsmen's Marina, L.P. and Harry S. Wheeler, dated November 11, 2005.  (Exhibit 23); Purchase and Sale Agreement between Sportsmen's Marina, L.P. and Charles H. Thames, III, dated November 11, 2005.  (Exhibit 24)

of documents that the court in <u>Horsley v. Feldt</u>, 304 F.3d 1125 (11th Cir. 2002) or <u>Day v. Taylor</u>, 400 F.3d 1272 (11th Cir. 2005) intended the trial court to rely upon when deciding a motion to dismiss. <u>Horsley</u> involved a claim for defamation and the document at issue was the published statement that formed the basis for the defamation claim. 304 F.3d at 1134. In <u>Day</u>, the plaintiff claimed that the U-Haul dealership was not a genuine agency for U-Haul. The court determined that the dealership contract between U-Haul and the defendant was a "necessary part of their effort to make out a claim". <u>Day</u> at 1276. The letters in this case do not form the basis for the claims nor are they necessary to support the claim that certain business acts and transactions were not improper. Rather, the letters are, at best, a summary of the dispute and show that an actual controversy exists such to give this court jurisdiction to entertain the declaratory judgment request.

     The plaintiffs also argue that the court can decide the motion to dismiss on legal grounds alone, presumably without referring to the exhibits which are not appropriate for consideration on a motion to dismiss. Specifically, the plaintiffs cite the following legal grounds which require dismissal of defendant's counterclaims: 1)limited partners cannot file a derivative claim against all of the other limited partners; 2) there is no fiduciary duty among limited partnership, and 3) a limited partner has no squeeze-out claim.

     The basis for plaintiffs argument that Powers cannot file a derivative claim against all of the other limited partner is that Powers is not a "fair and adequate representative" of the other limited partners. The plaintiffs have cited extensive Eleventh Circuit authority which makes it clear that a determination of whether Powers is a fair and adequate representative is fact intensive. See e.g. <u>Rothenburg v. Security Management Co., Inc.</u>, 667 F.2d 958, 961 (11th Cir.

1982).  Accordingly, consideration of dismissal of Counts One and Two is not premised solely on legal grounds.

Plaintiffs further argue that Count Three, which alleges a fiduciary breach, should be dismissed as a matter of law because there is no fiduciary duty among limited partners. Defendant's response appears to indicates that the fiduciary claim is made against the officers and directors of OBD, Inc.  Whether the officers and directors were acting in a fiduciary capacity when they engaged in the acts complained of by defendant will ultimately be a mixed question of law and fact.  Thus, this claim is not amendable to resolution on a motion to dismiss.

Plaintiffs also argue that pursuant to Alabama law, a limited partner has no squeeze-out claim against the other partners.  Plaintiffs cite Alabama law for the proposition that a squeeze-out claim is only proper in the closely held corporation context.  Defendant responds that the squeeze-out claim is brought in his capacity as a shareholder of OBD, Inc., as well as in his capacity as a limited partner.  Accordingly, at least to the extent that plaintiff's squeeze-out is brought in his capacity as a shareholder, count three is not due to be dismissed on legal grounds.

In sum, the Court finds that the instant motion to dismiss is replete with factual issues and should be converted into a motion for summary judgment.  In compliance with Rule 56, the Court must now give the parties ten (10) days notice of the contemplated conversion to afford them an opportunity to supplement the record.  Accordingly, defendant Powers may file a response, if any, no later than **July 11, 2007**, and plaintiffs may file any reply no later than **July 25, 2007**.  No further pleadings on the motion will be accepted after that date and the Court will take the converted motion for summary judgment under submission on **July 26, 2007.**

Finally, as to defendant's argument that a motion for summary judgment is premature at

this stage of the litigation [2], the Court will entertain a properly filed motion pursuant to Fed. R. Civ. P. 56(f).

      **DONE** this the 28th day of June, 2007.

                                          s/ Kristi K. DuBose
                                          **KRISTI K. DuBOSE**
                                          **UNITED STATES DISTRICT COURT**

---

[2] Pursuant to the Rule 16(b) Scheduling Order, entered in this action on May 17, 2007, discovery will close on November 5, 2007. (Doc. 16)